Warren E. Platt  (154086)
wplatt@swlaw.com
Katie A. Richardson (238260)
karichardson@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, California  92626-7689
Telephone:  (714) 427-7000
Facsimile:   (714) 427-7799

Attorneys for Defendant
FORD MOTOR COMPANY

NOTE: CHANGES MADE TO THIS DOC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MANUELA MERAZ and JESUS MERAZ,<br><br>           Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY, a Delaware corporation; AARON BROTHERS RENTALS, a Colorado corporation; and DOES 1 through 10, inclusive,<br><br>           Defendants. | No. CV13-00260 PSG (VBKx)<br><br>Assigned for all purposes to Hon. Philip S. Gutierrez<br>Courtroom 880<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER GOVERNING THE TREATMENT OF FORD MOTOR COMPANY'S CONFIDENTIAL INFORMATION** |

The parties having agreed to the following in the Stipulation Requesting Protective Order Regarding the Treatment of Ford Motor Company's Confidential Information, filed in this action on  February 6, 2014 (the "Stipulation"), IT IS HEREBY ORDERED AS FOLLOWS:

1.    Documents to be produced by Ford in this litigation that contain confidential, commercially sensitive, and/or proprietary information shall hereafter be referred to as "Protected Documents."  A document or portion of a document that Ford determines in good faith to be a Protected Document may be designated as confidential.  Any document or any information designated as "Subject to Non-Sharing Protective Order," "Subject to Protective Order," "Confidential," or similar

1                                Case No. CV13-00260 PSG (VBKx)

1  language in accordance with the provisions of this Protective Order shall only be
2  used, shown or disclosed as provided in this Protective Order.
3      2.   As used in this Protective Order, the term "documents" means all
4  written material, videotapes and all other tangible items, produced in whatever
5  format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard
6  copy, videotape, computer diskette, CD-ROM, DVD, hard drive or otherwise).
7      3.   The burden of proving that a Protected Document contains confidential
8  technical information is on Ford. Prior to designating any material as "Protected,"
9  Ford must make a bona fide determination that the material is, in fact, a trade
10 secret, confidential technical information or other commercially sensitive
11 information, the dissemination of which would damage Ford's competitive
12 position. If a party disagrees with the "Protected" designation of any document, the
13 party will so notify Ford's Counsel of Record in this case in writing, identifying the
14 document(s) at issue by Bates Number. If the parties are unable to resolve the issue
15 of confidentiality informally, Ford will then file a motion within 30 days of this
16 written notification for the purpose of establishing that said document is
17 confidential. Any document so marked as "Protected" will continue to be treated as
18 such pending determination by the Court as to its confidential status.
19     4.   The designation of Protected Documents may be made by marking or
20 placing the applicable notice "Subject to Non-Sharing Protective Order," "Subject
21 to Protective Order," "Confidential," or substantially similar notice, on the
22 document, or, where a copy of the original document is to be produced, on that
23 copy in such a way that it does not obscure the text or other content of the
24 document.
25     5.   Protected Documents and any copies thereof received pursuant to
26 paragraph 6 below shall be maintained confidential by the receiving party, his/her
27 attorney, other representatives, and expert witnesses, and shall be used only for
28 preparation for the trial of this matter, subject to the limitations set forth herein.

6. Protected Documents shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

    a. Counsel of Record for the parties, and the parties;

    b. Non-technical and clerical staff employed by Counsel of Record and involved in the preparation and trial of this action;

    c. Experts and non-attorney consultants retained by the parties for the preparation and/or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford;

    d. The Court, the Court's staff, witnesses, and the jury in this case; and

    e. With respect to documents designated as "sharing," or "Subject to Protective Order," attorneys representing Plaintiff, and the experts and non-attorney consultants retained by such attorneys, in other cases pending against Ford involving a 1997-2002 (UN93) Ford Expedition asserting the same allegations asserted in this case, provided no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford.

7. Plaintiff/Plaintiffs' Counsel must make reasonable efforts to ensure the individuals described in paragraphs 6(b), 6(c), and 6(e) above are "Qualified Persons."

8. Before receiving access to any Protected Document or the information contained therein, each person described in paragraphs 6(b), 6(c) and 6(e) above shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto. Counsel for Plaintiff shall retain each such executed "Written Assurance" and shall keep a list identifying (a) all persons described in paragraphs 6(b), 6(c) and 6(e) above to whom Protected Documents have been disclosed, and (b) all Protected Documents disclosed to such persons. Each such executed Written

3  Case No. CV13-00260 PSG (VBKx)
[PROPOSED] PROTECTIVE ORDER

Assurance and list shall be submitted to counsel for Ford at the termination of this litigation or upon Order of the Court requiring production, whichever comes first. However, for consulting experts who were not designated as testifying experts, Plaintiffs' counsel may redact the name, address, and signature of the consultant before disclosing the executed Exhibit A and document list for that person.  To the extent the "Qualified Persons" described in paragraph 6(c) or 6(e) above include privileged, non-testifying expert consultants, Counsel for Plaintiffs shall retain each such executed Exhibit A and shall keep a list identifying (a) all such non-testifying expert consultants described in paragraphs 6(c) and 6(e) above to whom Protected Documents have been disclosed, and (b) all Protected Documents disclosed to such persons.  In the event that Ford seeks to compel the production of each unredacted and executed Exhibit A for good cause, Counsel for Plaintiffs shall submit each unredacted and executed Exhibit A and list to the Court for *in camera* inspection. Persons described in paragraph 6(b) shall be covered under the signature of Counsel of Record.

  9. As the Protected Documents may only be distributed to "Qualified Persons," Plaintiffs/Plaintiffs' Counsel, and all persons described in paragraph 6 above, may not post Protected Documents on any website or internet accessible repository and shall not under any circumstances sell, offer for sale, advertise, or publicize either the Protected Documents and the Confidential information contained therein, or the fact that such persons have obtained Ford's Protected Documents and Confidential information.

  10. To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions and/or used as exhibits at trial, or to the extent that deposition testimony is otherwise marked "confidential," such documents, information, and/or testimony shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony

1  and/or trial testimony dealing with the Protected Documents, information, and/or
2  testimony.
3       11.   All documents that are filed with the Court that contain any portion of
4  any Protected Document or information taken from any Protected Document shall
5  be filed under seal pursuant to local court rule, and the caption of the document
6  shall so state.
7       12.   Any court reporter or transcriber who reports or transcribes testimony
8  in this action shall agree that all "confidential" information designated as such
9  under this Protective Order shall remain "confidential" and shall not be disclosed
10 by them, except pursuant to the terms of this Protective Order, and that any notes or
11 transcriptions of such testimony (and any accompanying exhibits) will be retained
12 by the reporter or delivered to counsel of record.
13      13.   To the extent Ford is requested to produce documents it has
14 determined should not be subject to the sharing provision of this protective order in
15 paragraph 6(e), Ford will designate such documents as "Non-Sharing." Documents
16 designated as "Non-Sharing" shall not be shared under paragraph 6(e).
17      14.   Within one hundred and twenty (120) days after the conclusion of this
18 case, counsel for the parties who received Protected Documents which are
19 designated "Non-Sharing," "Subject to Non-Sharing Protective Order," or other
20 similar designation pursuant to paragraph 13, including any documents that any
21 such party disclosed to any person described in paragraphs 6(b) and 6(c) above,
22 shall either (a) return to Ford the Protected Documents; or (b) securely destroy the
23 Protected Documents and certify such destruction to Ford within one hundred and
24 fifty (150) days after the conclusion of this case.
25      15.   With respect to documents designated as "Sharing" or "Subject to
26 Protective Order," Counsel for the parties shall not be required to return the
27 Protected Documents to Ford after the conclusion of this case and may retain the
28 documents pursuant to the terms of this Protective Order.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

16. Inadvertent or unintentional production of documents or information containing confidential information that should have been designated as Protected Document(s) shall not be deemed a waiver in whole or in part of the party's claims of confidentiality.

17. This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the parties. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

18. After termination of this litigation, the provisions of this Protective Order shall continue to be binding. This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Protective Order following termination of this litigation.

19. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

IT IS SO ORDERED.

NOTE: RE PARA. 10: SUBJECT TO ORDER OF DISTRICT JUDGE.

DATED: February 13, 2014     /s/
                             HON. VICTOR B. KENTON
                             UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**

**AFFIDAVIT OF** _____, being duly sworn and personally appearing before the undersigned attesting officer, duly authorized by law to administer oaths, deposes and says that the within statements are true and correct:

1.

I have read the Stipulated Protective Order Governing the Treatment of Ford Motor Company's Confidential Information attached hereto, and I understand its terms and meanings.

2.

I agree that my signature below submits me to the jurisdiction of the United States District Court for the Central District of California in the above captioned case, and binds me to the provisions of the Stipulated Protective Order Governing the Treatment of Ford Motor Company's Confidential Information, including to all promises undertaken in the Order, as if originally agreed by me.

Further Affiant sayeth not.
This _____ day of _____, 20\_\_\_.

_____
**AFFIANT**